| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | Jason R. Dawson (SBN 208906)<br>John P. Nordlund (SBN 286153)<br>Melissa D. Owens (SBN 327295)<br>JACKSON LEWIS P.C.<br>225 Broadway, Suite 2000<br>San Diego, CA  92101<br>Telephone:  (619) 573-4900<br>Facsimile:  (619) 573-4901<br>Jason.Dawson@jacksonlewis.com<br>John.Nordlund@jacksonlewis.com<br>Melissa.Owens@jacksonlewis.com<br><br>Attorneys for Defendant<br>OMNI HOTELS MANAGEMENT CORPORATION |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE MARTINEZ, an individual, ERIC TRUMPE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>OMNI HOTELS MANAGEMENT CORPORATION, and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No.:  **'20CV1924 MMABLM**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA BY OMNI HOTELS MANAGEMENT CORPORATION PURSUANT TO 28 U.S.C. SECTION 1331, 1367 AND 1441(A), (C) (FEDERAL QUESTION)**<br><br>[*Filed concurrently with Declarations of John P. Nordlund and Anthony Belef, and Exhibits; Notice of Filing Answer in State Court; Notice of Interested Parties; and Civil Case Cover Sheet*]<br><br>State Court<br>Complaint filed: July 1, 2020<br>Trial Date: Not Assigned |

**TO THE HONORABLE JUDGES AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

*///*

1

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT
CASE NO.

**PLEASE TAKE NOTICE THAT** Defendant OMNI HOTEL MANAGEMENT CORPORATION ("Defendant" or "Omni"), hereby removes to this Court the State Court Complaint described below and hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1367, and 1441(a), (c) as follows:

## SERVICE AND PLEADINGS FILED IN STATE COURT

1. On July 1, 2020, Plaintiffs ENRIQUE MARTINEZ (Martinez) and ERIC TRUMPE (Trumpe) (collectively, "Plaintiffs") filed a Complaint against Defendant in the Superior Court of the State of California, County of San Diego, on behalf of all other aggrieved non-exempt employees, titled *ENRIQUE MARTINEZ, an individual, ERIC TRUMPE, an individual v. OMNI HOTELS MANAGEMENT CORPORATION, and DOES 1 through 25, Inclusive*, Case No. 37-2020-0002267-CU-OE-CTL, consisting of a single cause of action under the Private Attorneys General Act ("PAGA"), which asserts the following violations: (1) Failure to Calculate Plaintiffs' Aggrieved Employees Base Rate Correctly for the Purpose of Overtime Payment; (2) Failure to Calculate Plaintiffs and Aggrieved Employees Base Rate Correctly for the Purposes of Sick-Time Payments; (3) Failure to Provide Accurate Wage Statements to Plaintiffs and Aggrieved Employees; (4) Failure to Authorize or Permit Rest Breaks; and (5) Failure to Pay All Wages Due Upon Termination of Employment. A true and correct copy of Plaintiffs' Complaint is filed concurrently herewith as **Exhibit A.** [Declaration of John P. Nordlund ("Nordlund Decl.") ¶ 2; Ex. A.]

2. On August 26, 2020, Defendant was served with a copy of the Summons and Complaint via Notice and Acknowledgment of Receipt signed and returned by Defendant's counsel on August 26, 2020 pursuant to California Code of Civil Procedure section 415.30. [Nordlund Decl. ¶ 3; Ex. B.]; *see e.g. Madren v. Belden, Inc.*, 2012 U.S. Dist. LEXIS 91635, *5-*6 (N.D. Cal. July 2, 2012) (service effective on date Notice and Acknowledgment form executed and returned to sender).

///

///

3. Defendant filed an Answer to the Complaint in State Court on September 23, 2020. [Nordlund Decl. ¶ 4.] A true and correct copy of Defendant's State Court Answer is filed concurrently herewith as **Exhibit C.** [Nordlund Decl. ¶ 4; Ex. C.]

4. Other than the filing of the Complaint and Defendant's Answer, no further proceedings have occurred in the State Court action. [Nordlund Decl. ¶ 5.]

## **TIMELINESS OF REMOVAL**

5. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days after Defendant was served with the original Summons and Complaint via the Notice and Acknowledgment process on August 26, 2020. *See Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day removal deadline is triggered by actual service, as opposed to receipt of complaint through other means); *Madren*, 2012 U.S. Dist. LEXIS 91635, *5-*6 (removal deadline triggered by effective service through execution of Notice and Acknowledgment form).

## **FEDERAL QUESTION REMOVAL**

6. Plaintiffs' Complaint is within the original jurisdiction of this Court based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. Section 1331 states: "The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Action is within this Court's federal question jurisdiction because the Complaint implicates Section 301 of the Labor Management Relations Act ("LMRA" or "Section 301"), 29 U.S.C. § 185. *See Concho v. Pipeline Carriers, Inc.*, 2014 U.S. Dist. LEXIS 56021, *8 (C.D. Cal. April 21, 2014) ("Only a small number of federal statutes have sufficient preemptive force to warrant removal jurisdiction [including]…Section 301 of the Labor Management Relations Act"); *see also Gordon v. Pacific Bell Telephone Co.*, 2014 U.S. Dist. LEXIS 168200, *2 (E.D. Cal., Dec. 3, 2014) ("Defendant had an objectively reasonable basis for removal under the LMRA [because] Defendant implicated several components of the collective bargaining agreement").

///

3
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT
CASE NO.

7. Plaintiff Martinez was employed by Defendant as a Banquet Server at Omni La Costa Resort and Spa from the time Defendant acquired the resort on July 1, 2013 until he was furloughed on March 23, 2020. [Declaration of Anthony Belef (Belef Decl.) ¶ 3.]

8. Plaintiff Trumpe was employed by Defendant as a Banquet Server at Omni La Costa Resort and Spa from the time Defendant acquired the resort on July 1, 2013 until he was furloughed on March 23, 2020. [Belef Decl. ¶ 4.]

9. At all relevant times, Plaintiffs were union employees and Plaintiffs' employments with Defendant were governed by collective bargaining agreements between Defendant and Plaintiffs' exclusive collective bargaining representative, UNITE HERE Local 30, AFL-CIO ("CBA"). [Belef Decl. ¶ 5.] The current version of the CBA has been in effect since 2017. [Belef Decl. ¶ 5; *see generally* Ex. D.]

10. Pursuant to the CBA, "the Employer possesses all of the rights, powers, privileges, and authority…in the exercise of the regular and customary functions of management and the operation of its business…[including]: [¶] (i) To direct the work force to determine the policies and methods of its business… [¶] (iv) To decide the amount of supervision and direction of the work force… [¶] (vi) To determine staffing levels for a department/room, and to expand, reduce, alter, combine, transfer, assign or cease any job [¶ and] (vii) To establish or revise work schedules." [Belef Decl. ¶ 5; Ex. D § 5, pp.5-6.]

11. Significantly, the CBA expressly provides for wages, hours of work, and working conditions of employees. [Belef Decl. ¶ 5; *see generally* Ex. D.] Specifically, the CBA contains provisions regarding:

- Wages [Ex. D § 7, pp.6-7];
- Wage Payments [Ex. D § 9, p.10];
- Hourly Pay Rates [Ex. D at Sch. A, pp.35-36];
- Additional Cash Gratuities and Service Charge pay for select employees [Ex. D § 11, pp.10-12];

- Additional compensation for Banquet employees, such as Plaintiffs [Ex. D § 12, pp.12-14];
- Reporting and Meeting Pay [Ex. D § 13, pp.14-15]; and
- Sick/Personal Leave [Ex. D § 15, pp.15-17].

12. Additionally, the CBA sets forth a Grievance Procedure to address all grievances, which are defined as "a dispute between the parties as to the interpretation or application of any provision(s) of this Agreement …." [*See generally* Ex. D § 27, pp.23-25.] The Grievance Procedure expressly provides for binding arbitration of grievances. [Ex. D § 27(f), pp.24-25.]

13. At all relevant times, Defendant was (and still is) an employer within the meaning of Section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2).

14. On information and belief, at all relevant times, UNITE HERE Local 30, AFL-CIO was (and still is) a labor organization within the meaning of Section 2(5) of the NLRA, 29 U.S.C. §152(5).

15. Plaintiffs' Complaint is preempted by the LMRA because resolution of this cause of action requires the Court to interpret one or more provisions of the parties' CBA. Under Section 301 of the LMRA:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. §185(a); *see Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412-13 (1988); *see also Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1016 (9th Cir. 2000) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)) ("As a threshold matter we note that although the language of § 301 is limited to 'suits for violation of

contracts,' it has been broadly construed to cover most state-law actions that require interpretation of labor agreements.").

16. Section 301 preempts any state law that attempts to regulate matters requiring the interpretation of a CBA. *See Lingle*, 486 U.S. at 413 ("[A]n application of state law is preempted by § 301 of the Labor Management Relations Act of 1947 only if such application requires the interpretation of a collective-bargaining agreement"); *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 104 (1962) ("[W]e cannot but conclude that in enacting § 301 Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules"); *see Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1150 ("Although § 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts").

17. A plaintiff cannot avoid removal by "artfully pleading" only state law claims that are actually preempted by federal statutes such as Section 301 of the LMRA. *Rose v. Beverly Health & Rehab. Servs.,* 2006 U.S. Dist. LEXIS 91740, *7 (E.D. Cal. Dec. 8, 2006). The District Court must look beyond the face of the complaint to determine whether the plaintiff's claims are either based on rights created by, or require an interpretation of, a collective bargaining agreement. *Stallcop v. Kaiser Found. Hosp.*, 820 F.2d 1044, 1048 (9th Cir. 1987) ("The preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of a collective bargaining agreement…. [I]f the complaint actually raises a section 301 claim on the collective bargaining agreement, even though it is framed under state law, the claim is preempted"); *see also Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (concluding a district court "properly looked beyond the face of the complaint to determine" whether plaintiff was preempted under Section 301).

///

///

18. Thus, the preemptive force of Section 301 "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," thereby making it removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (internal quotations and citation omitted); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

19. To determine whether a state law claim is preempted by Section 301, courts focus on "whether evaluation of [the state law claim] is inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chambers Corp.,* 471 U.S. at 213. Any state law claim that is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract" is completely preempted by Section 301. *Id.* at 220. In addition, when the right asserted under a cause of action "exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Burnside,* 491 F.3d at 1059.

20. Plaintiffs do not mention the existence of a collective bargaining agreement. [*See generally* Complaint.] However, the alleged violations asserted in Plaintiffs' First Cause of Action include state law claims that are substantially dependent upon the analysis and interpretation of the terms of the CBA.

21. Plaintiffs allege Defendant paid an illegally low overtime rate; paid an illegally low paid sick leave rate; failed to authorize and permit rest breaks; failed to provide accurate wage statements; and failed to pay all wages due upon termination of the employment relationship. [*See generally* Complaint.]

22. The California Labor Code's overtime provisions:

> [D]o not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Lab. Code § 514.

23. Similarly, the California Labor Code's sick leave requirements do not apply to:

> [E]mployee[s] covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for paid sick days or a paid leave or paid time off policy that permits the use of sick days for those employees, final and binding arbitration of disputes concerning the application of its paid sick days provisions, premium wage rates for all overtime hours worked, and regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

Labor Code § 245.5 (a)(1).

24. Based on Plaintiffs' specific allegations, their claims will require analysis and interpretation of the CBA provisions pertaining to, among other things: Section 7 governing Wages; Section 8 governing Work Schedules and Overtime; Section 9 governing Wage Payment; Section 11 governing Cash Gratuities and Service Charge; Section 12 governing Banquets; Section 13 governing Reporting and Meeting Pay; Section 15 governing Sick/Personal Leave; Section 27 governing the Grievance Procedure; and Schedule A governing hourly pay rates. [*See generally* Ex. D.]

25. To the extent Plaintiffs' allegations and/or theories of liability involve a dispute over the method by which Defendant has calculated overtime pay for the putative class, preemption under the LMRA is appropriate. Because the CBA governs how overtime should be calculated, whether that calculation has been conducted properly pursuant to the terms of the CBA will be "substantially dependent upon analysis of the terms of [the] agreement made between the parties [to the relevant] labor contract," thus warranting preemption under Section 301. *See Allis-Chambers Corp.*, 471 U.S. at 220. Moreover, because the CBA is silent as to whether service charges should be included into the "employee's hourly rate" for purposes of calculating overtime, a Court must construe the CBA to determine whether the "hourly rate" should include said charges.

[Belef Decl. ¶ 5; *see generally* Ex. D.] In that regard, an ambiguity plainly exists in the CBA in that the agreement does not define what "hourly rate" means and states only that "[e]mployees shall be paid overtime of one and one-half . . . times the *employee's hourly rate for work.*" [*Id.* (emphasis added).] Further, the CBA separately includes language governing when "service charges" should be paid or distributed but does not explain or indicate how such payments may impact or affect an employee's overtime. To resolve this ambiguity, therefore, the Court must interpret the CBA, which automatically implicates the LMRA, confers federal question jurisdiction, and results in preemption of Plaintiffs' state law claims.

26. For these reasons, Plaintiffs' Complaint confers federal question jurisdiction on this Court under Section 301 of the LMRA. Federal preemption is especially strong where, as here, the Complaint implicates the terms of a collective bargaining agreement and the overriding Congressional and federal policies to promote a uniform body of federal law and the peaceable and consistent resolution of labor-management disputes. *Lucas Flour Co.*, 369 U.S. at 104; *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448 (1957).

27. Under 28 U.S.C. § 1331, United States District Courts have original subject matter jurisdiction over such actions.

28. Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiffs and without conceding Plaintiffs have pled claims upon which relief can be granted.

29. The Notice of Filing Notice of Removal will be filed promptly with the Clerk of the Superior Court for San Diego, as required by 28 U.S.C. § 1446(d).

## **SUPPLEMENTAL JURISDICTION**

30. To the extent any of Plaintiffs' claims are not removable under Section 301, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy over which this Court has original jurisdiction. Each of Plaintiffs' claims arise from the same set of transactions or occurrences, and

would ordinarily be expected to be tried in a single judicial proceeding. District courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1070 (9th Cir. 2019). Absent unusual circumstances, where claims based on federal law have a "common nucleus of operative fact" with those alleged under state law, federal courts should exercise supplemental jurisdiction over the state law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Because this Court has jurisdiction over Plaintiffs' claims that require interpretation and application of the CBA, this Court should exercise supplemental jurisdiction over the remaining claims.

## **VENUE**

31. Venue lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As stated above, Plaintiffs brought this action in the Superior Court of San Diego County. Thus, venue properly lies in the United States District Court for the Southern District of California under 28 U.S.C. §§ 84(d), 1391(b) and 1441(a).

///
///
///
///
///
///
///
///
///

# **CONCLUSION**

32. WHEREFORE, Defendant respectfully requests the above action now pending against it in the Superior Court of San Diego County be removed from the to the District Court for the Southern District of California, and that all future proceedings in this matter take place in the United States District Court for the Southern District of California.

DATED: September 25, 2020　　　　JACKSON LEWIS P.C.

　　　　　　　　　　　　　　　　By: *s/ John P. Nordlund*
　　　　　　　　　　　　　　　　　　Jason R. Dawson
　　　　　　　　　　　　　　　　　　Email: Jason.dawson@jacksonlewis.com
　　　　　　　　　　　　　　　　　　John P. Nordlund
　　　　　　　　　　　　　　　　　　Email: john.nordlund@jacksonlewis.com
　　　　　　　　　　　　　　　　　　Melissa D. Owens
　　　　　　　　　　　　　　　　　　Email: Melissa.owens@jacksonlewis.com

　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　OMNI HOTELS MANAGEMENT CORPORATION

4818-6654-3046, v. 6

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT
CASE NO.