Jason R. Dawson (SBN 208906)
John P. Nordlund (SBN 286153)
Melissa D. Owens (SBN 327295)
JACKSON LEWIS P.C.
225 Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 573-4900
Facsimile: (619) 573-4901
Jason.Dawson@jacksonlewis.com
John.Nordlund@jacksonlewis.com
Melissa.Owens@jacksonlewis.com

Attorneys for Defendant
OMNI HOTELS MANAGEMENT CORPORATION

Justin Hewgill (259528)
Efaon Cobb (282228)
HEWGILL COBB LOCKARD
1620 5TH Avenue, Suite 325
San Diego, CA 92101
Phone: (619) 432-2520
Fax: (619) 377-6026
jhewgill@hewgillcobb.com
ecobb@hewgillcobb.com

Attorneys for Plaintiffs, ENRIQUE MARTINEZ, and ERIC TRUMPE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE MARTINEZ, an individual, ERIC TRUMPE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>OMNI HOTELS MANAGEMENT CORPORATION, and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No.: 3:20-cv-01924-MMA-BLM<br><br>**JOINT DISCOVERY PLAN**<br><br>State Court<br>Complaint filed: July 1, 2020<br>Removal filed: September 25, 2020<br>Trial Date: Not Assigned |

Plaintiffs ENRIQUE MARTINEZ (Martinez) and ERIC TRUMPE (Trumpe) (collectively, "Plaintiffs") and Defendant OMNI HOTELS MANAGEMENT CORPORATION (Omni) (collectively, the "Parties") jointly and respectively submit this

1

Joint Discovery Plan pursuant to the Court's Order for Early Neutral Evaluation (ENE) Conference and Case Management Conference (CMC) [Dkt. 5.]

## I. STATEMENT OF CASE

On July 1, 2020, Plaintiffs filed a lawsuit pursuant to the California Private Attorneys' General Act, Labor Code section 2698 *et seq.* (PAGA) alleging the following violations of the California Labor Code: (1) Failure to Calculate Plaintiffs' Aggrieved Employees Base Rate Correctly for the Purpose of Overtime Payment; (2) Failure to Calculate Plaintiffs and Aggrieved Employees Base Rate Correctly for the Purposes of Sick-Time Payments; (3) Failure to Provide Accurate Wage Statements to Plaintiffs and Aggrieved Employees; (4) Failure to Authorize or Permit Rest Breaks; and (5) Failure to Pay All Wages Due Upon Termination of Employment. Through the notice and acknowledgment of receipt process pursuant to California Code of Civil Procedure section 415.30, Plaintiffs served Omni on August 26, 2020. Omni removed this Action to this Court on September 25, 2020.

Plaintiffs' Position: Plaintiffs' action is for civil penalties under the Private Attorney General Act (PAGA), for violations of the California Labor Code. This action is not anyway attempting to enforce any Collective Bargaining Agreement (CBA), nor seeking the underlying wages owed to employees caused by Defendants' violations of California law.

It is also Plaintiffs' position that there is no subject matter jurisdiction, a motion to remand is forthcoming.

The existence of partially overlapping and partially distinct additional PAGA action is no basis to stay a PAGA. Plaintiffs in fact intend to consolidate their action with the action of the other PAGA plaintiff group, with cooperation between counsels.

Omni's Position: Omni denies all liability on Plaintiffs' claims and denies that Omni is liable for any penalties on behalf of allegedly "aggrieved employees."

Omni contends that this Action should be dismissed or, alternatively, stayed. First, Plaintiffs' sick pay claim is currently subject of a pending union arbitration brought on

behalf of Plaintiffs against Omni (Union Arbitration). Omni contends that the determination on the merits of Plaintiffs' claim in the Union Arbitration will render Plaintiffs' sick pay claim in this Action barred by *res judicata* and/or collateral estoppel. Omni further contends that the determination in the Union Arbitration of whether service charges paid to Plaintiffs are considered part of the regular rate of pay for purposes of the collective bargaining agreement exemption to the Healthy Workplaces, Healthy Families Act of 2014 under Labor Code section 245.5(a)(1) would collaterally estop Plaintiffs from arguing that service charges paid to Plaintiffs are not considered part of the regular rate of pay for purposes of the collective bargaining agreement exemption from the payment of overtime under Labor Code section 514. The determination of these issues in the Union Arbitration also impact Plaintiffs' claims for failure to provide accurate wage statements or pay all wages due upon termination because these claims are derivative of Plaintiffs' sick pay and overtime claims.

Second, Omni contends this Action should be dismissed or, alternatively, stayed pending resolution of an earlier-filed PAGA action pending against Omni in the action entitled *Ismael Garcia v. Omni Hotels Management Corporation*, San Diego Superior Court, Case No. 37-2019-00068188-CU-OE-CTL, filed December 23, 2019 (*Garcia* Action).

Finally, Omni denies this Action is subject to remand to State Court.

## II.   RULE 26(F)(3) ELEMENTS

*What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made*

The Parties have agreed and have filed a joint motion to extend the initial disclosure deadline by ninety (90) days in anticipation of Plaintiffs' motion to remand and Omni's motion to stay or, alternatively, dismiss this Action.

///

///

    Nonetheless, if the Court does not grant the requested continuances, the Parties intend to make initial disclosures pursuant to Rule 26(a) by <u>October 19, 2020</u> in accordance with the Court's Order [Dkt. 5].

***The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues***

    <u>Plaintiffs' Position</u>: Plaintiffs do not oppose a stay of discovery until the resolution of their motion to remand. Plaintiff opposes any stay beyond that.

    <u>Omni's Position</u>: If the Court is not inclined to stay discovery until resolution of Plaintiffs' motion to remand, Omni contends that discovery as to Plaintiffs' overtime and sick pay claim, and the derivative wage statement and final pay claims, should be stayed pending the resolution of Plaintiffs' claims in the Union Arbitration.

***Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced***

    <u>Plaintiffs' Position</u>: Plaintiffs are in agreement that a *Belaire-West* process should be used for seeking aggrieved employees contact information, and that Plaintiffs will incur the cost of said notices. However, Plaintiff does not agree that post *Belaire-West* production of wage and time records should be made with identifying information redacted.

    <u>Omni's Position</u>: Omni contends that the identity, contact information, and rates of pay of third-party allegedly "aggrieved employees" is confidential and private information protected by Article 1, Section 1 of the California Constitution. *See e.g. Dept. of Air Force v. Rose*, 425 U.S. 352, 370-72 (1976); *Alch v. Superior Court*, 165 Cal. App. 4th 1412, 1426-27 (2008) (holding employment history is private information); *Life Technologies Corp. v. Superior Court*, 197 Cal. App. 4th 640, 652-53 (2011) (holding personnel information is private); *Board of Trustees v. Superior Court (Dong)*, 119 Cal. App. 3d 516, 528 (1981) (same). Accordingly, Omni contends that this information should only be produced under confidential designation pursuant to a protective order following a privacy notice and opt-out procedure pursuant to *Belaire-West v. Superior Court*, 149 Cal.App.4th

1  554 (2007). As the parties seeking the discovery, Omni contends Plaintiffs should bear the costs of the *Belaire-West* privacy notice process. *See e.g. Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-79 (1974) (holding plaintiffs must bear the cost of notice to class members); *Yeoman v. Ikea U.S. West, Inc.*, No. 11cv701 WQH (BGS), 2013 U.S. Dist. LEXIS 158516, at *16-*17 (S.D. Cal. Nov. 5, 2013) (holding cost of class notice should be borne by plaintiff prior to any finding of liability); *In re Autozone Wage & Hour Empl. Practices Litig.*, No. 10-md-02159 CRB (JSC), 2011 U.S. Dist. LEXIS 132973, at *2-*3, *5-*6 (N.D. Cal. Nov. 17, 2011) (holding Plaintiffs should pay for the *Belaire-West* notice); *see also Willner v. Manpower Inc.*, No. 11-cv-02846-JST, 2013 U.S. Dist. LEXIS 57428, at *7 (N.D. Apr. 22, 2013); *Prag Tierno v. Rite Aid Corp.*, No. C 05-02520 THE, 2008 U.S. Dist. LEXIS 79624, at *2-3 (N.D. Cal. Aug. 9, 2008) ("[a] party producing documents will … not be put to the expense of making copies for the requesting party" as "a party need only make requested documents available for inspection and copying; it need not pay copying costs").

Other data, such as time and pay records should be produced separately, designated as confidential under protective order, with identifying information redacted, and on a limited scope (*i.e.*, statistically relevant sample.)

A proposed protective order, agreed upon by the Parties, is attached hereto as **Exhibit 1** for the Court's review and consideration.

Discoverable information is maintained by Omni in various company systems. Preservation efforts have been undertaken and are continuing.

***Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502***

To the extent that discovery is appropriate, the Parties agree that an order pursuant to Federal Rule of Evidence 502(d) is appropriate. A proposed Rule 502(d) Order is attached hereto as **Exhibit 2** for the Court's review.

*What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed*

In addition to the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules, the Parties agree that the Court should enter an order pursuant to Federal Rule of Evidence 502(d). A proposed Rule 502(d) Order is attached hereto as **Exhibit 2** for the Court's review.

*Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) or (c)*

As discussed above, the Parties request that the Court continue the ENE Conference, CMC, and corresponding dates by ninety (90) days pending the determination of Plaintiffs' motion to remand this Action to State Court and Omni's motion to dismiss or, alternatively, stay the Action. A joint motion was previously submitted on October 13, 2020 [Dkt. 8].

A proposed protective order for the Court's review and consideration is attached hereto as **Exhibit 1**.

At this time, the Parties do not seek any additional orders under Rule 26(c), Rule 16(b), or Rule 16(c).

**III.   ADDITIONAL ISSUES**

   *i.   Service*

The Parties agree that all parties have been served.

   *ii.   Amendment of the Pleadings*

At this time, the Parties do not anticipate any need to amend the pleadings.

   *iii.   Protective Order*

A proposed protective order for the Court's review and consideration is attached hereto as **Exhibit 1**.

   *iv.   Privilege*

The Parties do not intend to produce any privileged information during this litigation. At the request of either Party, the other Party may prepare a privilege log for documents withheld solely on the basis of privilege. Nonetheless, a proposed Order

pursuant to Federal Rule of Evidence 502(d) is attached hereto as **Exhibit 2** for the Court's review. At this time, the Parties do not anticipate any privilege issues.

### v. *Evidence Preservation*

Discoverable information is maintained by Omni in various company systems, including timekeeping and payroll systems. Preservation efforts have been undertaken and are continuing.

### vi. *Electronic Discovery*

Discoverable information is maintained by Omni in various company systems, including timekeeping and payroll systems. The parties agree that employee lists, and time and payroll data of Plaintiffs and allegedly "aggrieved employees" will be produced, if at all, in Excel format. The Parties do not currently anticipate the need for discovery into additional electronically stored information.

### vii. *Discovery*

No discovery has been taken to date. As discussed above, the Parties agree that formal discovery be postponed for ninety (90) days, or until the resolution of Plaintiffs' forthcoming motion to remand and Omni's motion to dismiss or, alternatively, stay the action.

The Parties will exchange initial disclosures by October 19, 2020. No necessary modifications of the discovery rules or discovery disputes are known at this time.

### viii. *Related Cases*

There are two (2) related matters pending against Omni:

1. Union Arbitration: Plaintiffs have filed a union grievance with regard to their claim they have not been adequately paid for sick pay. This Union Arbitration is set for hearing on November 12, 2020.
2. *Garcia* Action: *Ismael Garcia v. Omni Hotels Management Corporation*, San Diego Superior Court, Case No. 37-2019-00068188-CU-OE-CTL, filed December 23, 2019 (*Garcia* Action).

///

ix. *Scheduling*

As mentioned above, the Parties request that the ENE Conference, CMC, and corresponding deadlines be continued ninety (90) days to allow for resolution of Plaintiffs' motion to remand and/or Omni's motion to dismiss or, alternatively, stay this Action.

If the Court is not inclined to grant the Parties' renewed request, the Parties propose the following case dates and deadlines:

- Fact Discovery Cutoff—October 8, 2021
- Expert Designation and Disclosure pursuant to Rule 26(a)(2)(A)-(B)—October 29, 2021
- Rebuttal Expert Designation and Disclosure or Supplemental Reports pursuant to Rule 26(a)(2)(D)—November 19, 2021
- Expert Discovery Cutoff—December 17, 2021
- Filing deadline for Dispositive Motions—January 21, 2022
- Pretrial Disclosures pursuant to Rule 26(a)(3)—March 18, 2022
- Pretrial Conference—April 15, 2022
- Trial—May 2, 2022

x. *Professional Conduct*

All attorneys of record certify that they have reviewed Civil Local Rule 83.4 on professionalism.

DATED: October 16, 2020              JACKSON LEWIS P.C.


By: *s/ Jason R. Dawson*
     Jason R. Dawson
     John P. Nordlund
     Melissa D. Owens
     Attorneys for Defendant
     OMNI HOTELS MANAGEMENT
     CORPORATION

DATED: October 16, 2020						HEWGILL COBB LOCKARD

								By:   *s/ Justin Hewgill*
								Justin Hewgill
								Efaon Cobb
								Attorneys for Plaintiffs
								ENRIQUE MARTINEZ, and ERIC TRUMPE

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I, Jason R. Dawson, hereby certify that the content of this document is acceptable to Justin Hewgill, counsel for Plaintiffs ENRIQUE MARTINEZ and ERIC TRUMPE, and that I have obtained Mr. Hewgill's authorization to affix his electronic signature to this document.

DATED: October 16, 2020						JACKSON LEWIS P.C.

								By:   *s/ Jason R. Dawson*
								Jason R. Dawson
								John P. Nordlund
								Melissa D. Owens
								Attorneys for Defendant
								OMNI HOTELS MANAGEMENT CORPORATION

## INDEX OF EXHIBITS

| | **DOCUMENT TITLE** | **PAGES** |
|---|---|---|
| **EXHIBIT 1** | Protective Order | 11-22 |
| **EXHIBIT 2** | Order Pursuant To Federal Rule Of Evidence 502(d) | 23-24 |

4821-0633-4925, v. 2