UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE MARTINEZ, an individual, ERIC TRUMPE, an individual,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>OMNI HOTELS MANAGEMENT CORPORATION, and DOES 1 through 25, Inclusive,<br><br>　　　　Defendants. | Case No.:  3:20-cv-01924-MMA-BLM<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER**<br><br>[ECF NO. 12] |

WHEREAS, because this action may require the disclosure of certain confidential, sensitive, and private information, Plaintiffs ENRIQUE MARTINEZ (Martinez) and ERIC TRUMPE (Trumpe) (collectively, "Plaintiffs") and Defendant OMNI HOTELS MANAGEMENT CORPORATION (Omni) (collectively "the Parties") have agreed to maintain the confidentiality of all such information, and have jointly moved for a Protective Order, in accordance with the terms set forth herein.

1

IT IS HEREBY ORDERED that, if, pursuant to proceedings in this action, any Party or third-party witness: (a) produces information or permits inspection or sampling of any tangible thing, whether informally or in response to oral examination, written discovery requests, or subpoena duces tecum, which any Party or other person claims to constitute confidential information; or (b) receives, by an oral or written communication, information that any Party or other person claims to constitute confidential information, the following procedures shall be employed and the following restrictions shall govern:

**1.     Designation of Material**

1.1    Any Party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "*Confidential*" any documents, things, interrogatory answers, responses to request for admissions, trial or deposition testimony, or other material that contains information, within either of the above designations, as hereinafter defined.

1.2    As used herein, "*Confidential*" information shall be information, data, documents, systems, and procedures of, and/or used by, Omni, and all its subsidiaries and/or affiliates, that include sensitive personnel matters, or proprietary information and systems, and/or which were developed or created in connection with Omni's clients, customers, internal guidelines and procedures, or methods, techniques, or processes, or other similar information not generally known by or available to the public. "*Confidential*" information and documents shall include proprietary and confidential systems and information, which are the property of third-parties licensed to Omni for use in connection with Omni's business. Plaintiff, or any natural individual, may deem items in which the deeming individual has a privacy interest *Confidential*.

1.3    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts

of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**2.     Challenging Confidentiality Designations**

2.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

2.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its

3

belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

2.3   Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

### 3. Restriction on Use and Disclosure of Designated and Non-Designated Materials

3.1 Absent a specific order of this Court, material designated "*Confidential*" and any information derived therefrom, shall be used by the Parties solely in connection with this litigation, and not for any business or competitive purpose, and such information shall not be disclosed to anyone except as provided herein.

3.2 Counsel for each Party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "*Confidential*" designated material. No copies of materials designated "*Confidential*" shall be made except by or on behalf of counsel for the Parties.

3.3 The restrictions contained in this Section do not apply to: (a) information that, as evidenced by written records, is or was public knowledge at the time of or prior to designation in this action, or that, after such designation, becomes public knowledge other than by an act or omission of a non-designating Party in violation of this Protective Order; or (b) information that, as evidenced by written records, a non-designating Party has lawfully obtained or may hereafter lawfully obtain from a non-Party to this action having the right to disclose such information free of any obligation of confidentiality.

3.4 In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, as "*Confidential*" materials, the Parties shall attempt to resolve the dispute. In the event of failure to resolve the dispute, any Party wishing to challenge the designation may file a motion for an appropriate order. The information shall be treated as designated until the issue is resolved. The burden of proof with respect to the propriety or correctness of the designation shall rest on the designating Party.

3.5 The Court retains the authority at all times to finally review any document or information designated by a Party as "*Confidential*" and to determine the appropriateness

of that designation, and to re-designate any document as non-confidential or "*Confidential*" if the Court determines that a Party's "*Confidential*" designation is not appropriate.

### 4. Marking of Designated Materials

4.1   A designation as to documents shall be made by placing a legend on each page of any document that a designating Party wishes to protect against unauthorized disclosure or use. The legend shall read: "CONFIDENTIAL." All pages of documents to be so designated shall be marked prior to producing a physical copy thereof to the receiving Party. The designation of anything as to which inspection or sampling has been requested shall be made by placing a legend reading "CONFIDENTIAL" on the thing itself, on a tag attached thereto, or on the container within which it is stored.

### 5. Inadvertent Disclosure or Failure to Mark or Designate

5.1   If a Party inadvertently discloses any document or thing containing "*Confidential*" information without designating it as such, the disclosing Party shall promptly, upon discovery of such inadvertent disclosure, inform the receiving Party in writing, and the receiving Party shall thereafter treat the information as newly designated. The disclosing Party shall provide replacement copies of said inadvertently disclosed materials, with the appropriate designation, to the receiving Party within thirty (30) days of discovery of such inadvertent disclosure. The receiving Party shall make every reasonable effort to retrieve the undesignated materials from all persons who received the undesignated materials and return such materials to the disclosing Party or, if so directed by the disclosing Party, discard all copies of the undesignated materials.

5.2   If a producing Party inadvertently discloses to a receiving Party information that is privileged or otherwise immune from discovery, the producing Party shall promptly, upon discovery of such disclosure, so advise the receiving Party in writing and request that the materials or information be returned. The receiving Party will return or destroy such inadvertently disclosed materials or information and all copies within ten (10) days of receiving the written request for return of the materials or information. Nothing in this

Paragraph shall be construed to preclude any Party from challenging whether the information was inadvertently disclosed and/or whether such disclosure waived any privilege or immunity. Until such time, however, that it is either agreed by the Parties or determined by the Court that a disclosure was not inadvertent and/or that such disclosure waived any privilege or immunity, the information shall be treated as privileged or otherwise immune from discovery and shall not be used or disclosed by the non-disclosing Party. Nothing in this Paragraph modifies any order of this Court pursuant to Federal Rule of Evidence 502(d)(1).

5.3   Treatment by opposing counsel in conformity with the indicated designation shall not be construed in any way as an admission or agreement by any Party that the designated information is in fact confidential.

**6.   Depositions and Pretrial Testimony**

6.1   In the case of depositions or other pretrial testimony, the designation of depositions or other pretrial testimony, or portions thereof, shall be made: (a) by a statement on the record, by counsel, during such deposition or other pretrial proceedings that the entire transcript or portion thereof shall be designated as "*Confidential*" as appropriate, hereunder; or (b) by a written notice of such designation sent by counsel to all Parties within twenty (20) days after the deposition or testimony. If any document or information designated "*Confidential*" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be stamped "*Confidential*" and access thereto shall be limited pursuant to the terms of this Protective Order.

6.2   If a Party anticipates that it may disclose at any hearing or at trial any information designated "*Confidential*" pursuant to this Protective Order, the Parties shall consult with the Court prior to such hearing or trial regarding appropriate procedures to maintain the confidentiality of the information before the information is disclosed.

7

6.3     Aside from the Court, deponents, professional translators, and stenographic reporters serving the attorneys of record or the Court, only individuals otherwise authorized to receive such "*Confidential*" materials under the terms of this Protective Order may be present during confidential portions of the depositions or other testimony.

**7.     Access to "*Confidential*" Materials**

7.1     Information or materials designated "*Confidential*," or copies or extracts therefrom, and compilations and summaries thereof, may be disclosed or made available, in whole or in part, only to the Parties in this action and the following persons:

(a)     The Court under seal;

(b)     Parties' outside counsel of record in this action and in-house counsel and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(c)     Outside stenographic court reporters, videographers, language translators, and other organizations supplying litigation support services;

(d)     Graphics, design, or copy services retained by counsel for a Party for purposes of preparing demonstrative exhibits for deposition, trial, or other court proceedings in this action, provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order;

(e)     Non-technical jury or trial consulting services retained by counsel for a Party provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order;

(f)     Outside experts and consultants as defined in Paragraph 6.3, and their secretarial and clerical assistants, provided that the persons to whom the

information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order;

(g) Mediator(s) selected by the Parties or the Court;

(h) Any other person upon order of this Court or upon written consent of the Party producing the confidential information or material provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order; and

(i) Employees, officers, or directors of a Party, so long as such persons have executed an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order, before receiving any "*Confidential*" information.

7.2  The Parties shall not disclose documents designated as "*Confidential*" to putative class members, not including a plaintiff in the action unless and until one or more classes have been certified and that class member is a member of the certified class(es).

7.3  For purposes of this Protective Order, a consultant shall be defined as a person who is neither an employee of a Party nor anticipated to become an employee during the course of this litigation, and who is retained or employed as a consultant or expert for purposes of this litigation, whether full-time or part-time, by or at the direction of counsel for a Party.

7.4  Nothing in this Order shall limit any disclosing Party's use of its own documents and information, nor shall it prevent the disclosing Party from disclosing its own confidential information, documents, or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

**8.      Disclosure to Authors and Previous Recipients**

8.1     The designation of any document as "*Confidential*" shall not preclude any Party from showing the document to any person who appears as the author or as an addressee on the face of the document, or who has been identified by the designating Party as having been provided with the document or the information therein.

**9.      Filing Materials Under Seal**

9.1     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as "*Confidential*" are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, in accordance with Judge Major's preferences, a party must file a 'public' version of any document that it seeks to file under seal. In the public version, the party may redact only that information that is deemed "*Confidential*." The party should file the redacted document(s) simultaneously with a joint motion or *ex parte* application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

**10.    Disposition of Designated Materials at End of Case**

10.1    Within thirty (30) days of the final adjudication, or resolution through settlement, of the claims at issue herein, unless otherwise agreed in writing by an attorney of record for the designating Party, each Party shall, at the option of the producing Party,

either: (a) assemble and return all "*Confidential*" material, including all copies thereof, to the Party or third-party witness from which the designated material was obtained; or (b) certify in writing that all such material has been discarded. If "*Confidential*" material is directed to be returned, the producing Party shall acknowledge receipt of such material in writing.

10.2   Unless otherwise agreed, outside counsel for each Party may retain one (1) archival copy of "*Confidential*" material, and this Protective Order shall remain in force with respect to such material.

## 11. Duration of Order

11.1   All provisions of this Protective Order, other than the confidentiality provisions of Paragraph 2 and the provision of Paragraph 10.2 pertaining to the archival copies, shall expire one month after compliance by all Parties with Paragraph 10.1 hereof. The confidentiality obligations imposed by this Order shall survive any such expiration unless otherwise expressly ordered by this Court upon a duly noticed motion and hearing.

11.2   Continuing Jurisdiction: The Court shall retain jurisdiction for a period of one (1) year after the conclusion of this action to enforce the terms of the Protective Order.

## 12. Modification of Order

12.1   Modification of the Protective Order by the Court. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time during these proceedings.

12.2   Nothing in this Protective Order shall prevent any Party from applying to this Court for entry of an Order declassifying a document which has been designated "*Confidential.*" This Protective Order shall not prevent any Party from applying to this Court for relief therefrom or from applying to this Court for further or additional protective

1  orders, or from modifying this Protective Order by mutual agreement, subject to the approval of this Court.

Dated:  10/23/2020

Hon. Barbara L. Major
United States Magistrate Judge